MELISSA A. WILDMAN v. ANDREW J. SHAMBAUGH.

FILED JANUARY 4, 1895.   No. 5403.

Ejectment: REVIEW. The questions of law suggested by plaintiff
in error in this case not examined, as the evidence fails to show
that appellant is in anywise interested in any part of the prop-
erty in controversy.

ERROR from the district court of York county. Tried
below before BATES, J.

*M. M. Wildman* and *George B. France,* for plaintiff in
error.

*Sedgwick & Power, contra.*

RAGAN, C.

This is an action in ejectment brought by Melissa A.
Wildman, against Andrew J. Shambaugh, in the district
court of York county. Shambaugh had a verdict and
judgment and Wildman prosecutes a petition in error to
this court. The controversy relates to a part of the south-
west quarter of section 30, township 12 north, and range 4
west, of the 6th P. M. This quarter section of land con-
tains $150\frac{5}{100}$ acres. The government of the United States
conveyed by its patent this quarter section of land to one
Latham. Latham conveyed to one Dorsey, by warranty
deed, a part of the quarter section, describing it as "the
east half of the southwest quarter," etc., and Dorsey con-
veyed the same land to Shambaugh. Latham's heirs and
widow conveyed another part of the quarter section to one
Harlan, describing it as "the west half of the southwest
quarter," and Harlan conveyed the same land to David
Wildman.

The real controversy in the case then is, what did

Latham convey to Dorsey when he made him a deed for the east half of the quarter section? Did he convey him $75\frac{10}{100}$ acres, or did he convey him 80 acres off the east side of said quarter section of land?

The contention of Melissa Wildman is that Dorsey and his grantees, by the deeds mentioned, became possessed of the actual one-half only of said quarter section of land,—that is, $75\frac{10}{100}$ acres,—while the contention of Shambaugh is that the land was conveyed to Dorsey, described by governmental subdivisions, and that as the quarter section contains less than 160 acres, and that as his deed calls for the east half of the quarter section according to the United States government survey, he took full eighty acres of land. There is involved in this case a very important question, but we cannot decide it for the reason that there is not in this record one syllable of evidence which shows or tends to show that Melissa Wildman owns, or has ever owned, or has any claim of title to, either in law or equity, any part whatever of this quarter section of land. The evidence tends to show that David Wildman is the owner of the west half of the quarter under conveyances from Latham's heirs, and that Shambaugh owns the east half of the quarter under conveyances from Dorsey. The question in the case is, if Shambaugh owns the east half of the quarter, how many acres of land off the east side of the quarter does he own? And if David Wildman owns the west half of the quarter section, how many acres of land off the west side of the quarter section does he own? Melissa Wildman must recover in ejectment, if at all, upon the strength of her own title; and since there is an entire failure of the evidence to show that she has any interest in any part of the real estate in controversy, the judgment of the district court must be and is

AFFIRMED.